UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Civil Action No: _____

| | |
|---|---|
| SOFFER HEART INSTITUTE, P.A., | |
| Plaintiff, | |
| v. | |
| CYNOSURE, LLC, | |
| Defendant. | |

### DEFENDANT CYNOSURE'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cynosure, LLC, f/k/a Cynosure, Inc. ("Cynosure") hereby gives notice of removal of this action, captioned *Soffer Heart Institute, P.A., v. Cynosure, LLC.*, currently bearing case number 2021-023915-CA-01, from the Circuit Court of the 11th Judicial District In and For Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.  Pursuant to 28 U.S.C. § 1446(a), Cynosure provides the following statement of grounds for removal.

### BACKGROUND

1. This case involves the sale of an ICON Intense Pulse Light System ("Icon" or "IPL System") to Plaintiff Soffer Heart Institute ("SHI" or "Plaintiff").  The Icon is a laser system that provides a comprehensive suite of popular treatments ranging from hair removal to procedures for pigmentation, vessels, wrinkles, scars, and stretch marks.

2. On December 20, 2019, Plaintiff executed a Customer Purchase Agreement ("Purchase Agreement") with Cynosure to purchase the Icon.  Plaintiff alleges that it paid $140,000.00 for the Icon, but that it also received a $20,000 marketing rebate.  *See* Am. Compl. Ex. A, Cynosure Customer Purchase Agreement (Dec. 19, 2019); *see also* Am. Compl. ¶ 14

(alleging that Plaintiff received the rebate on or around January 23, 2020).  Plaintiff apparently obtained financing to purchase the Icon through a separate Equipment Finance Agreement ("EFA") with MMP Capital, of which Cynosure was not a party. *Id.* Ex. B, EFA (Dec. 19, 2019). Plaintiff attaches its purported amortization schedule reflecting a total repayment amount due as $211,430.40.  *Id*. Ex. D.

3. On October 26, 2021, Plaintiff filed its Complaint against Cynosure in the Eleventh Judicial Circuit In and For Miami-Dade County, Florida ("State Court Action"), alleging a Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fraud in the Inducement, Aiding and Abetting Fraud, and Negligence. *See* Compl. Counts I-IV (¶¶ 24-49). Plaintiff filed its Amended Complaint on October 27, 2021.  Principally, Plaintiff's Amended Complaint alleges that Cynosure, through its sales representatives, made misrepresentations about the terms of the separate finance agreement with MMP Capital.  Plaintiff alleges it relied on those representations when it financed the purchase of the Icon with MMP Capital, and—absent those representations—Plaintiff claims it would have paid one lump sum for the Icon. *See* Am. Compl. ¶¶ 11, 18.

4. On November 15, 2021, Cynosure received service of the Summons and Complaint.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint that were served on Cynosure, is attached hereto as **Exhibit A**.

5. A copy of the state court docket and all documents filed in the state court action is attached hereto as **Exhibit B**.[1]

---

[1] Cynosure has not yet been able to obtain the confidential filings—Docket nos. 2 and 7.  Upon receipt of said documents, Cynosure will supplement its notice of removal.

**VENUE AND JURISDICTION**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c), 1391, 1441(a), and 1446(a) because the 11th Judicial District In and For Miami-Dade County, Florida, where the Amended Complaint was filed, is a court within the Southern District of Florida.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANT.

8. A district court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and there is diversity of citizenship. *See* 28 U.S.C. § 1332(a).

9. Plaintiff Soffer Heart Institute is a Florida corporation that maintains its principal place of business in Miami-Dade County, Florida. Am. Compl. ¶ 1. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); s*ee also WM Mobile Bay Env't Ctr., Inc. v. The City of Mobile Solid Waste Auth.*, 672 Fed. Appx. 931, 933 n.1 (11th Cir. 2016) ("A corporation is a citizen of every state or foreign state within which it has been incorporated or has its principal place of business.") (citation omitted). Based on the allegations in the Amended Complaint, and on information and belief, Plaintiff is a citizen of Florida.

10. Cynosure is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Massachusetts. Cynosure's sole member—Lotus Buyer, Inc.— is a corporation that is incorporated and has its

principal offices in Delaware.  A limited liability company is a citizen of every state in which its member is a citizen.  *See Dye v. Sexton*, 695 F. App'x 482, 484 (11th Cir. 2017) ("[F]or purposes of diversity jurisdiction 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'") (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)); *see also Crook-Petite-El v. Bumble Bee Seafoods L.L.C.*, 502 Fed. Appx. 886, 887 (11th Cir. 2012) ("[T]o sufficiently allege the citizenships of [a limited liability company], a party must list the citizenships of all the members of the limited liability company.").  Corporations are citizens of the states in which they are incorporated and where they have their principal place of business.  28 U.S.C. § 1332(c)(1); *see also WM Mobile Bay Env't Ctr., Inc.*, 672 Fed. Appx. at 933 n.1.  Lotus Buyer, Inc. is a citizen of the state of Delaware.  Cynosure is therefore a citizen of Delaware for purposes of removal.

11.     Plaintiff is a citizen of Florida and Cynosure is a citizen of Delaware.  Accordingly, complete diversity of citizenship exists between Plaintiff and Cynosure.  *See* 28 U.S.C. §§ 1332 and 1441.

## II.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

12.     Plaintiff's Amended Complaint also satisfies the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

13.     The amount in controversy, exclusive of interest and costs, must exceed $75,000.  28 U.S.C. § 1332(a).  A defendant's notice of removal asserting diversity jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (same); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014); *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-T-17JSS, 2016 WL 9211676, at *2 (M.D. Fla. Dec. 20, 2016) (same); *Roe v.*

*Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (noting that a court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount"), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).

14. Plaintiff here seeks to recover an award of "all damages, interest, attorney's fees, costs, and such other relief that this Court deems just and proper" for its claims against Cynosure, *see* Am. Compl. ¶¶ 31, 37, 44, 49, and alleges an amount in controversy that is "in excess of $30,000.00, exclusive of interest, costs, and attorneys' fees," *id*. ¶ 6, the jurisdictional threshold for Florida circuit courts. See Fla. Stat. §§ 26.012(2)(a), 34.01(1)(c)(2) (providing that Florida circuit courts have jurisdiction over civil actions where the amount in controversy exceeds $30,000 exclusive of interest, costs, and attorneys' fees).

15. Where, as here, a plaintiff has not pled a specific amount of damages in the complaint, the amount in controversy requirement may nevertheless be satisfied if it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("In [some] cases, [] it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.' . . . If a defendant alleges that removability is apparent from the face of a complaint, the district court . . . [may] make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted); *Furnari v. Nuance Commc'ns, Inc.*, No. 611CV1119ORL35GJK, 2011 WL 13298737, at *2 (M.D. Fla. Sept. 20, 2011) (amount in controversy requirement met where complaint did not claim specific amount of damages, but it

was "facially apparent" -- "albeit, with minor calculation" -- that the amount in controversy exceeded $75,000).

16. Although the Amended Complaint seeks an unspecified amount of damages, and while Defendant contests any liability to Plaintiff and Plaintiff's entitlement to the damages it claims, it is apparent from the Amended Complaint that the amount in controversy exceeds $75,000.00.

17. Here, Plaintiff is seeking to recover damages associated with its outstanding loan payments under the lease agreement it executed with MMP Capital to finance its purchase of the Icon from Cynosure. Accordingly, its alleged damages include—at minimum—the difference between the amount Plaintiff owes under the EFA ($211,430.40, *see* Am. Compl. Ex. D) and the amount Plaintiff agreed to pay Cynosure for the Icon device he purchased ($140,000). *See* Am. Compl. ¶¶ 11, 13.

18. Plaintiff additionally seeks to recover attorneys' fees in connection with its claims. Attorneys' fees are also part of the amount in controversy calculation where, as here, attorneys' fees are authorized by statute. *See* Fla. Stat. Ann. § 501.2105 (authorizing award of attorneys' fees and costs to prevailing party in FDUPTA case); *Ellis v. Warner*, No. 15-10134-CIV, 2017 WL 634287, at *15 (S.D. Fla. Feb. 16, 2017) ("[T]he Court can consider attorneys' fees alleged under FDUTPA when assessing the amount in controversy."); *Branson v. Medtronic*, Inc., No. 5:06-CV-332-OC-10GRJ, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) ("Because a prevailing party is entitled to recover reasonable attorney's fees from the nonprevailing party in a claim under FDUPTA, the Court is required to consider the amount of attorney's fees Plaintiff could recover, if successful, when determining the amount in controversy for jurisdictional purposes.").

19. Although Cynosure contests that Plaintiff is entitled to any damages, the Amended Complaint puts at issue more than the jurisdictionally required $75,000, as Plaintiff here is seeking to recover all costs and fees charged by MMP Capital and/or Crestmark Vendor Finance in connection to financing the purchase of the Icon, and because Plaintiff is seeking attorneys' fees that are authorized by statute.[2] *See Branson*, 2007 WL 170094, at *5 (holding that, "either viewing the claimed damages in this case alone or viewing the demand for statutory attorney's fees alone, there cannot be any good faith dispute that the amount in controversy in this case exceeds $75,000"). Indeed, Plaintiff's state court civil cover sheet estimates a claim amount of "over $100,000.00," further supporting the conclusion that the amount in controversy exceeds $75,000. *See, e.g.*, *Kensington Walk Master Ass'n, Inc. v. Everest Nat'l Ins. Co.*, No. 20-81338-CV, 2020 WL 9071423, at *2 (S.D. Fla. Dec. 21, 2020) (finding that "I am further satisfied that the amount-in-controversy requirement is met in this case in light of Plaintiff's counsel's estimate that the amount of the claim exceeds $75,000.00."); *Est. of Roig v. United Parcel Serv., Inc.*, No. 20-CV-60811, 2020 WL 6875790, at *22 (S.D. Fla. Sept. 30, 2020) (noting that "though not necessarily dispositive on its own, Defendants aptly point out that in the civil cover sheet, Plaintiffs themselves estimated the value of their claims to approximate $250,000."). *See* **Exhibit A** at 1.

---

[2] To the extent this Court is not satisfied that the amount in controversy exceeds $75,000, it should permit Cynosure to introduce additional evidence relevant to the amount in controversy. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (explaining that when issues arise as to jurisdiction, "discovery is available to ascertain the facts bearing on such issues"); *Williams*, 269 F.3d at 1319 ("If the jurisdictional amount is not facially apparent from the complaint, the court . . . may require evidence relevant to the amount in controversy at the time the case was removed."); *Donovan v. Liberty Mut. Ins. Co.*, No. 616CV157ORL22TBS, 2016 WL 890086, at *2 (M.D. Fla. Mar. 9, 2016) (permitting jurisdictional discovery "limited in scope to the amount-in-controversy"); *Pitts v. Ram Partners, L.L.C.*, No. 3:18-CV-00028-SRW, 2018 WL 5786219, at *8 (M.D. Ala. Nov. 5, 2018) (allowing defendant to "conduct limited discovery to show that jurisdiction exists").

**III.    THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED.**

20.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which requires that the defendant file the notice of removal within 30 days of receiving a copy of the initial pleading setting forth the claim for relief filed in the State Court Action.

21.     Cynosure was served with a copy of the Summons and Complaint by Middlesex County Deputy Sherriff on November 15, 2021.

22.     The Southern District of Florida is the federal judicial district encompassing the Circuit Court of the 11th Judicial District In and For Miami-Dade County, Florida, where this suit was originally filed.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

23.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, a copy of the docket and copies of all process, pleadings, orders, and other papers served on Cynosure and filed in the State Court Action are attached hereto as **Exhibit B**.

24.     Cynosure is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

25.     Pursuant to 28 U.S.C. § 1446(d), Cynosure is contemporaneously filing a copy of this Notice of Removal and a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of the 11th Judicial District In and For Miami-Dade County, Florida.

26.     Cynosure reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Cynosure hereby removes this action from the Circuit Court of the 11th Judicial District In and For Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted this 15th day of December 2021,

/s/ Joanne M. O'Connor
Joanne M. O'Connor (Florida Bar No. 498807)
JONES FOSTER P.A.
Flagler Center Tower
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida, 33401
joconnor@jonesfoster.com
T: (561) 659-3000
F: (561) 650-5300

Kaitlyn Schaeffer  (*pro hac vice* to be filed)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Kaitlyn.Schaeffer@arnoldporter.com
T: (212) 836-7725
F:  (212) 836-8689

*Attorneys for Defendant Cynosure, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Joanne M. O'Connor
    Joanne M. O'Connor

## SERVICE LIST

Alan Geffin, Esquire
Cristopher Perez-Gurri. Esquire
1326 SE 3rd Avenue
Fort Lauderdale, FL 33316
alan@gpglawfirm.com
chris@gpglawfirm.com
*Attorneys for Plaintiff*

P:\DOCS\NEW\JMO\PLD\24J0927.DOCX